Submitted on record and briefs April 4, reversed May 9, 2007

In the Matter of
A. J. H.,
Alleged to be a Mentally Ill Person.
STATE OF OREGON,
*Respondent,*

*v.*

A. J. H.,
*Appellant.*

Multnomah County Circuit Court
041070678; A126471

159 P3d 331

Susan D. Isaacs filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Kaye E. McDonald, Senior Assistant Attorney General, filed the brief for respondent.

Before Schuman, Presiding Judge, and Edmonds and Ortega, Judges.

PER CURIAM

## PER CURIAM

■     Appellant seeks reversal of a judgment committing him as a mentally ill person for a period not to exceed 180 days. ORS 426.130(1)(b). He argues that the state did not establish by clear and convincing evidence that any of the statutory criteria for involuntary commitment have been satisfied. On *de novo* review, we find that appellant clearly suffers from a mental disorder and was delusional at the time of the commitment hearing. One examiner and the trial court were persuaded that the remaining statutory criteria for commitment were demonstrated by the acuity of appellant's mental illness.[1] However, the other examiner observed,

> "We don't have any evidence of danger to self or others. Certainly, [appellant] presents in a flamboyant, occasionally loud fashion and very delusional, but I hear no threat to others or himself.
>
> "\* \* \* \* \*
>
> "He has an apartment, apparently, that he can return to. He seems to have a good understanding of tenant law[.]"

We agree with that examiner's characterization of the evidentiary record. Moreover, the state presented no evidence at the hearing of the circumstances that led to appellant's detention that may have demonstrated that he was a danger to himself or to others, or was unable to provide for basic personal needs.

■     The "clear and convincing evidence" standard imposed by the legislature for involuntary commitment requires that the state offer evidence that makes it "highly probable" that the person is mentally ill as defined by ORS 426.005(1)(d). *State v. Waites*, 71 Or App 366, 369, 692 P2d 654 (1984). Under the particular circumstances of this case, we conclude that the state did not satisfy its burden.

    Reversed.

---

[1] ORS 426.005(1)(d) provides that a " '[m]entally ill person' means a person who, because of a mental disorder" is "[d]angerous to self or others" or "[u]nable to provide for basic personal needs and is not receiving such care as is necessary for health or safety."